# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3877

_____

| | | |
|---|---|---|
| Howard E. Clendenen, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | Tax Court. |
| | * | |
| Commissioner of Internal Revenue, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 7, 2007
Filed: September 20, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Howard Clendenen appeals the tax court's denial of his Federal Rule of Civil Procedure 60(b) motion. Upon de novo review, see Arkansas Oil and Gas, Inc. v. Comm'r, 114 F.3d 795, 798 (8th Cir. 1997) (standard of review), we conclude that the tax court lacked jurisdiction to entertain the motion because it was filed approximately two-and-a-half years after the court's decision became final, and no extraordinary circumstances existed that would have given the court jurisdiction to modify or vacate its judgment. See Arkansas Oil and Gas, 114 F.3d at 799-800 (vacating tax court's denial of taxpayer's motion to vacate because tax court lacked jurisdiction to hear motion after tax court's decision became final, absent extraordinary circumstances); cf. Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assoc., 194 F.3d 922, 925-

26 (8th Cir. 1999) (upholding district court's denial of Rule 60(b) motion because change in law is not by itself an extraordinary circumstance, and district court did not abuse its discretion in giving weight to equitable considerations in denying motion).

Accordingly, we vacate the tax court's denial of Clendenen's motion to vacate.

_____